UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL JOHNSON,

    Plaintiff,

v.                                                        Case No. 3:21cv1428-LC-HTC

CORRECTIONS OFFICER M.C. MCFALL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Johnson, proceeding *pro se* and *in forma pauperis*, sues Defendant Officer M.C. McFall for violating his Eighth Amendment rights by failing to protect him from an attack by his cellmate while the two were at Santa Rosa Correctional Institution ("SRCI").[1] Before the Court is Defendant's motion for summary judgment, ECF Doc. 58. Plaintiff filed an opposition, ECF Doc. 74,[2] to which Defendant replied, ECF Doc. 75. Upon consideration, the undersigned recommends the motion be GRANTED for failure to exhaust.

---

[1] Although Plaintiff's second amended complaint also included other claims against McFall and other defendants, the Court dismissed all claims except the Eighth Amendment failure to protect claim against McFall in his individual capacity. ECF Docs. 13, 19. Thus, to the extent Plaintiff believes there are other claims remaining, he is mistaken.

[2] In the opposition, Plaintiff includes facts that are not alleged in the second amended complaint. *See* ECF Doc. 74 at 4–5. Plaintiff, however, cannot amend his allegations through an opposition. *Monaghan v. Worldplay US, Inc.*, 955 F.3d 855, 859 (11th Cir. 2020). Thus, such additional facts have been disregarded.

I.  **BACKGROUND**

The following pertinent facts related to McFall are taken from Plaintiff's second amended complaint and accepted as true for purposes of this Report and Recommendation.

In late 2019, Plaintiff shared a cell with inmate Zackarah Foust in the "B" dorm of SRCI. Within a few weeks of being housed together, Foust "started making gay advances" toward Plaintiff. ECF Doc. 12 at 5. The first time Plaintiff told McFall "Foust was sexually assaulting [Plaintiff]" was between late November–early December 2019. *Id.* At that time, McFall responded by saying, "you know the rules fuck or fight." *Id.* Plaintiff also complained to McFall a second time, citing the Prison Rape Elimination Act ("PREA"), "after waking up and finding [himself] on the floor." *Id.* This time, McFall stated, "use the phone that what button (8) eight is for, why you telling me." *Id.* Plaintiff believes McFall's actions caused Foust to be mad at Plaintiff, resent him, and drug and rape him.

On the night of January 2, 2020, while Plaintiff slept, "Foust blew (K2) smoke in [Plaintiff's] face, which caused Plaintiff to have a seizure," and raped Plaintiff. *Id.* The next morning, Plaintiff hid Foust's homemade weapon out of sight and asked him to leave the room but did not threaten Foust or brandish any weapon. Foust started kicking the door, which got the attention of Officer Jacobson. Foust told Jacobson he wanted to be moved, and Jacobson left to get McFall. When McFall

arrived at the cell, he took one look at Plaintiff and Foust and said, "No. I told yall [sic] Im [sic] not moving yall [sic]." *Id.* at 6. Plaintiff then jumped off from the top bunk bed crying and told McFall that "Foust had been raping him against his will." *Id.* McFall became mad and walked away without saying a word. When he returned later, he removed Foust but refused Plaintiff's PREA request and wrote him a disciplinary report. McFall also made "light jokes of [Plaintiff] saying 'Im [sic] a man of God.'" *Id.* "Badly beaten and injured from the sexual assault and in fear from threats and being labeled a snitch, Plaintiff waited and prayed for help." *Id.*

## II.    DISCUSSION

Defendant seeks summary judgment on four grounds: 1) failure to exhaust administrative remedies; 2) lack of evidence to support an Eighth Amendment violation; 3) qualified immunity; 4) unavailability of monetary damages as relief. Because Plaintiff has failed to exhaust the available administrative remedies, the undersigned does not reach the remaining arguments.

### A.    Failure to Exhaust as a Defense

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory pre-

requisite to filing suit that federal courts "have no discretion to waive." *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008).

The PLRA requires "proper exhaustion" as set forth in the applicable administrative rules and procedures of the institution, so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006). In other words, "a prisoner must complete the administrative process in accordance with the applicable grievance procedures set by the prison" to properly satisfy the exhaustion requirement. *Henry v. Calhoun SP Warden*, 847 F. App'x 624, 625 (11th Cir. 2021).

The defense of failure to exhaust should be treated as a matter in abatement. *See Bryant*, 530 F.3d at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (quoting *Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374–75 (citation and internal quotation omitted).

When deciding a motion to dismiss for failure to exhaust administrative remedies, the Court uses a two-step process. *Turner*, 541 F.3d at 1082 (quoting *Bryant*, 530 F.3d at 1374). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they

Case No. 3:21cv1428-LC-HTC

conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. It is the defendant's burden to prove "that the plaintiff has failed to exhaust his available remedies." *Id.*

### B. Plaintiff's Failure to Exhaust

The applicable administrative rules and procedures here are those of the Florida Department of Corrections ("FDOC"). To satisfy the FDOC's grievance procedure, an inmate is generally required to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and (3) submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs.*, Inc., 627 F.3d 1215, 1218 (11th Cir. 2010). There are, however, certain exceptions allowing an inmate to bypass the first two steps of the grievance procedure. For example, an emergency grievance concerning "matters which would subject the inmate to substantial risk of personal injury or cause other serious and irreparable harm," can be filed directly to the FDOC Secretary. *Gipson v. Renninger*, 750 F. App'x 948, 952 (11th Cir. 2018) (internal citations and quotations omitted). Such an emergency

grievance "must be brought no later than 15 days after the 'date on which the incident or action which is the subject of the grievance occurred.'" *Logan v. Hall*, 2022 WL 2388430, at *1 (11th Cir. July 1, 2022) (per curiam) (citing Fla. Admin. Code r. 33-103.011(1)(d)).

Defendant argues Plaintiff did not exhaust the failure to protect claim against him, because Plaintiff did not file any formal or informal grievances—and, thus, none were approved—in which he complained about McFall's failure to act on the threats Plaintiff reported to him prior to Foust attacking him on January 2.[3] Instead, both Defendant and Plaintiff ask the Court to consider an emergency grievance Plaintiff submitted directly to the Secretary on January 7, 2020 (received by the Secretary on January 10, 2020), Log No. 20-6-01673, which was approved, and in which he reported that McFall stopped or prevented him from making a sexual abuse claim on January 3, 2020. *See* ECF Doc. 58-9 at 1. Defendant argues the January 7 emergency grievance is not sufficient to exhaust Plaintiff's failure to protect claim against McFall because Plaintiff does not mention in it having told McFall about

---

[3] In support of Defendant's motion, he submitted an Informal and Formal Grievance log from the FDOC, identifying grievances filed by Plaintiff between January 3, 2020, and September 27, 2021. ECF Doc. 58-8 at 1-4, 6-7. Additionally, as part of his reply, ECF Doc. 75, Defendant submitted grievance and appeal logs dating back to November 1, 2019, and an affidavit from Jacqueline Spanios, an employee of the FDOC, confirming that, based on her review of the FDOC grievance records, Plaintiff did not receive an approved formal or informal grievance regarding any claims against McFall between November 1, 2019, and September 27, 2021. ECF Doc. 75-1. Defendant also included copies of other grievances filed by Plaintiff against McFall, and a review of those grievances confirm that they are all about a disciplinary report McFall wrote Plaintiff. ECF Doc. 75-2 at 7-8, 10-17.

Case No. 3:21cv1428-LC-HTC

prior assaults or threats by Foust. Plaintiff, on the other hand, argues, the emergency grievance is sufficient to exhaust his claim against McFall. ECF Doc. 74 at 15 ("Exhibit J is proof that I did exhaust administrative remedies"). As discussed below, Plaintiff's argument is misplaced.

While the FDOC regulations do not require a specific level of detail be included in a grievance, *Goldsmith v. White*, 357 F. Supp. 2d 1336, 1339 (N.D. Fla. 2005), the grievance must contain enough information to put officials "on notice of all of the issues in contention and allow the [authority] an opportunity to investigate those issues," *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004) (citations omitted). "[T]he grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004); *see also Martinez v. Minnis*, 257 F. App'x 261, 265 n.5 (11th Cir. 2007) (finding prisoner who filed grievance concerning placement in special housing unit failed to exhaust retaliation claim because grievance "did not mention retaliation or use any words synonymous with or indicating retaliation, nor did it provide the BOP with notice of allegedly retaliatory action or the opportunity to correct it"); *Wilson v. Taylor*, 4:01-cv-158RV, 2002 WL 950062, at *2–4 (N.D. Fla. Feb. 28, 2002) (four claims relating to religious practices raised in grievances exhausted, but others also relating to religious practices not raised in grievances unexhausted). Thus, an inmate must provide "all

relevant information reasonably available to him." *See Brown v. Sikes*, 212 F.3d 1205, 1207–08 (11th Cir. 2000). "[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *See Harvard v. Inch*, 411 F.Supp.3d 1220, 1244 (N.D. Fla. 2019).

After reviewing the January 7, 2020, emergency grievance, the undersigned finds it was not sufficient to alert prison officials about the claim Plaintiff makes against McFall here – which is that, because of McFall's failure to act on threats by Foust that Plaintiff reported to him in November or December 2019, Foust attacked Plaintiff on January 2.

In the January 7, 2020, emergency grievance Plaintiff alleges that, on January 3, 2020, he "stopped Sgt. McFall, M.C., and reported a sexual abuse," and that both Plaintiff and Foust asked to be removed but were told "no." ECF Doc. 58-9 at 1. Plaintiff contends he had a mental breakdown upon hearing that response, and told McFall "I am a man of God and this man keep try to kill my soul by having sexual relations with me." *Id.* McFall, however, became mad, overlooked Plaintiff's PREA allegation, and wrote Plaintiff a disciplinary report. Thus, Plaintiff alleged that McFall was trying to "obstruct" his PREA allegation. *Id.* Unrelated to McFall, Plaintiff also alleged in the January 7, 2020, emergency grievance , as he does in this suit, that on January 7, 2020, he was pulled out of his cell by two officers who threatened him with additional disciplinary reports if he did not retract his PREA

Case 3:21-cv-01428-LC-HTC   Document 77   Filed 07/26/23   Page 9 of 11

Page 9 of 11

statements. Plaintiff reported that he was afraid of retaliation based on his PREA claim. While these allegations are also included in the second amended complaint, they are irrelevant, because they do not form the basis of any claim he has alleged against McFall.

Nowhere in the January 7 emergency grievance does Plaintiff mention that he reported to McFall in November or December 2019 (or at any time prior to January 3) that Foust had threatened or assaulted him. Nowhere in the grievance does Plaintiff mention that McFall failed to act on those prior reports of threats and abuse. Nowhere in the grievance does Plaintiff mention that McFall's failure to act resulted in the January 2 attack. Thus, the January 7, 2020, emergency grievance did not alert prison officials to the conduct Plaintiff complains of in this suit or give prison officials an opportunity to address the alleged improper conduct – which is that McFall violated the Eighth Amendment by failing to act on the threats and abuse reported to him prior to the January 2 incident. Indeed, nowhere in the January 7 grievance does Plaintiff even ask for prison officials to take any action as to McFall. Instead, Plaintiff asked for the DR written by McFall to be overturned, for Plaintiff to remain on close management status, and for Plaintiff to see medical and mental health.

Plaintiff's argument that the January 7 emergency grievance is sufficient to exhaust his claim appears to be based on his misplaced belief that he has asserted an

Eighth Amendment failure to follow PREA claim against McFall. No such claim exists or is viable as a matter of law. Although Plaintiff alleges in this suit, as he did in the January 7 grievance, that McFall denied him the right to make a PREA complaint on January 3, as the Court previously advised Plaintiff, there is no private cause of action under PREA and a claim based on failure to follow PREA protocol fails as a matter of law.[4] *See* ECF Doc. 7 at 17-18; *Fletcher v. O'Bryan*, No. 5:17-cv-146-MCR/CJK, 2019 WL 573179, at *3 (N.D. Fla. Jan. 25, 2019), *report and recommendation adopted sub nom. Fletcher v. O'Bryan*, 2019 WL 572045 (N.D. Fla. Feb. 12, 2019).

The undersigned, therefore, finds under the second step of the *Turner* analysis, that this action should be dismissed for failure to exhaust. *See, e.g., Arias v. Perez*, 758 F. App'x 878, 882 (11th Cir. 2019) (affirming dismissal of a failure to protect claim against one of the defendants where plaintiff alleged in the complaint the defendant ignored his verbal request for protection, but in his grievances, he only complained of violence against him by other inmates and sought to be transferred to a protective management unit); *Calvin v. Jones*, 2020 WL 4428468, at *6 (M.D. Fla. July 31, 2020) (granting defendant's motion to dismiss on failure to exhaust grounds, because, even though he filed several grievances pertaining to his burn injury,

---

[4] Also, while the January 7 emergency grievance may be sufficient to exhaust a retaliation claim against McFall, as Plaintiff acknowledges in the opposition, this Court dismissed that claim.

Case No. 3:21cv1428-LC-HTC

"[n]one of [plaintiff's] grievances addressed his assertion that Jones failed to protect him from the mentally-impaired inmate who burned him with hot water").

Accordingly, it is respectfully RECOMMENDED that:

1. Defendants' motion for summary judgment, ECF Doc. 58, be GRANTED.

2. Judgment be entered in favor of Defendant McFall.

3. The clerk close the file.

At Pensacola, Florida, this 26th day of July, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.